**BOARD OF COMMISSIONERS OF the**
**PORT OF NEW ORLEANS,**
**Appellant,**

v.

**PACIFIC WESTBOUND CONFERENCE**
**et al., Appellees.**

**No. 23342.**

United States Court of Appeals
Fifth Circuit.

May 8, 1967.

---

* Russell E. Smith, United States District Judge, District of Montana, sitting by designation.

Sumter D. Marks, Jr., Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., Edward E. Wright, Mark P. Schlefer, Washington, D. C., Charles M. Lanier, Louis B. Claverie, New Orleans, La., for appellant.

Donald A. Lindquist, New Orleans, La., Edward D. Ransom, Lillick, Geary, Wheat, Adams & Charles, San Francisco, Cal., and Chaffe, McCall, Phillips, Burke, Toler & Hopkins, New Orleans, La., for appellees.

Before JONES, GEWIN and SIMPSON, Circuit Judges.

PER CURIAM.

The appellant brought an action in the District Court for the Eastern District of Louisiana asserting a violation of an order of the Federal Martime Commission and seeking a judgment requiring obedience to the Commission's order. The action was against Pacific Westbound Conference and its member lines. Service on the defendants was attempted in California and New York. The United States was not a party.

By 46 U.S.C.A. § 830, the venue and procedure in suits brought to enforce, suspend, or set aside any order of the Federal Maritime Commission shall, except as otherwise provided, be the same as in similar suits in regard to orders of the Interstate Commerce Commission. It is provided by 28 U.S.C.A. §§ 2321–2322 that writs and process of the district courts may in actions to enforce, suspend, enjoin, annul or set aside an order of the Interstate Commission run, be served and be returnable anywhere in the United States and that all such actions may be brought by or against the United States.

Because the United States had not been made a party, the court granted a motion to quash service of summons and dismissed for want of jurisdiction. A motion to permit an amendment to join the United States was also overruled on the ground that there was no action pending and hence no basis for permitting an amendment. We conclude that the decision of the district court was correct and it is

Affirmed.